UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

EMPRESA CUBANA DEL TABACO d/b/a
CUBATABACO,                                          97 Civ. 8399

           Plaintiff,                            OPINION

   -against-

CULBRO CORPORATION and
GENERAL CIGAR CO., INC.,

           Defendants.

------------------------------------X

A P P E A R A N C E S:



Attorneys for Plaintiff

RABINOWITZ, BOUDIN, STANDARD,
  KRINSKY & LIEBERMAN, P.C.
111 Broadway, 11th Floor
New York, NY  10006
By:  Michael Krinsky, Esq.
     David B. Goldstein, Esq.


Attorneys for Defendants

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY  10020
By:  Andrew L. Deutsch, Esq.
     Joshua S. Sohn, Esq.

MORGAN & FINNEGAN, LLP
3 World Financial Center
New York, NY  10281
By:  Harry C. Marcus, Esq.
     Scott Greenberg

**Sweet, D.J.**


Plaintiff Empresa Cubana del Tabaco, d/b/a Cubatabaco ("Plaintiff" or "Cubatabaco") has moved pursuant to Rule 59(e), Fed. R. Civ. P., to amend or alter the Judgment entered by the Clerk of the Court on November 25, 2008, against defendants Culbro Corporation and General Cigar Co., Inc. (collectively, "Defendants" or "General Cigar"), to conform to the proposed Order, Judgment and Permanent Injunction attached to Plaintiff's motion. Additionally, Cubatabaco has requested that the Court issue the same proposed Order, Judgment and Permanent Injunction pursuant to the Court's authority to provide relief independent of Rule 59(e). For the reasons set forth below, Cubatabaco's motion is granted, but the injunctive relief is stayed upon the filing of an appeal to the Second Circuit Court of Appeals.


Given the unique significance of this case and the novelty of the issues under consideration, the Court has carefully weighed the equitable relief sought by Plaintiff against the hardship that would result to Defendants from the imposition of a permanent injunction.

1

## I.  FACTS AND PRIOR PROCEEDINGS

For over ten years, the parties have wrestled with contours of the rights surrounding the well-known COHIBA Cuban cigar.  In light of the extensive procedural history, the parties' familiarity with the prior proceedings and facts underlying this dispute is assumed. In addition, the procedural history is briefly summarized in the attached Order, Judgment and Permanent Injunction.

Of particular significance to the instant dispute, on November 19, 2008, this Court granted Plaintiff's Fed. R. Civ. P. 60(b)(6) motion and its motion for judgment on its state law claim, determining that its prior opinion dismissing Cubatabaco's New York misappropriation claim for failing to show bad faith was inconsistent with New York law as articulated in ITC Limited v. Punchgini, Inc., 9 N.Y.3d 467 (2007).  See Empresa Cubana del Tabaco v. Culbro Corp., 587 F. Supp. 2d 622 (S.D.N.Y. 2008).

On November 25, 2008, the Clerk of the Court entered a "Judgment" providing, in language tracking the Court's Opinion, "That for the reasons stated in the

Court's Opinion dated November 18, 2008, both plaintiff's Rule 60(b)(6) motion, and its motion for judgment on its New York misappropriation claim are granted."  The Judgment did not specify the relief awarded.

Following a dispute between the parties as to whether Defendants' Notice of Appeal, filed December 1, 2008, was premature in light of the Judgment entered by the Clerk's Office, Cubatabaco and General Cigar agreed to proceed pursuant to Fed. R. Civ. P. 59(e) to amend the Judgment and suspend Defendants' appeal until disposition of the instant motion.

The instant motion was heard and marked fully submitted on February 11, 2009.

## II.  DISCUSSION

### A.  Plaintiff's Proposed Order, Judgment and Permanent Injunction Is Adopted

Despite Defendants' opposition, the existing Judgment is amended to reflect the proposed Order, Judgment and Permanent Injunction submitted by Plaintiff.

3

Defendants raise several objections[1] to the entry of injunctive relief against them.  Most significantly, General Cigar argues that Cubatabaco has failed to carry its burden of proof for a permanent injunction.

A party seeking a permanent injunction must demonstrate the following:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).  According to General Cigar, Cubatabaco has not shown that it is suffering an irreparable injury from Defendants' use of the COHIBA mark in the United States because it has not, and presumably could not, prove current injury.  However, despite the fact that Cubatabaco is presently prohibited from selling its cigars in the United

---

[1] General Cigar also argues that the Court of Appeals' decision in Empresa Cubana del Tabaco v. Culbro Corp., 399 F.3d 462 (2d Cir. 2005), bars this Court from enjoining it from using the COHIBA mark in the United States.  However, this Court has already held that the Court of Appeals' decision does not prohibit it from granting relief to Cubatabaco on its New York misappropriation claim.  See Empresa, 587 F. Supp. 2d at 632–34.  To conclude here that the Court of Appeals' language bars meaningful relief in the form of a preliminary injunction would render the earlier holding advisory and therefore General Cigar's argument to that effect is rejected.

4

States due to the on-going embargo between this country and
Cuba, Plaintiff has demonstrated that General Cigar's
continuing misappropriation of the goodwill associated with
the COHIBA cigar is a wrongful act that entitles Cubatabaco
to relief.  The mere fact that Plaintiff does not sell in
the United States does not prevent the Court from granting
an injunction where, as here, an ongoing misappropriation
results in the continuing devaluation of Plaintiff's
product.  See, e.g., Vaudable v. Montmartre, Inc., 193
N.Y.S.2d 332, 335-36 (Sup. Ct. 1959); Maison Prunier v.
Prunier's Rest. & Cafe, 288 N.Y.S. 529, 537-38 (Sup. Ct.
1936).

Defendants also contend that the balance of
hardships and public interest factors do not favor an
injunction because while General Cigar would lose profits
connected with sales of COHIBA cigars of approximately $12
million annually, Cubatabaco would suffer no real injury,
as it is prohibited from selling, licensing or advertising
its cigars in the U.S.  This is a restatement of the same
argument that has been rejected above, namely that the
embargo prevents Cubatabaco from suffering the type of
injury that would merit a permanent injunction.  Because
this Court has already determined that "the equities weigh

5

heavily in favor of granting Cubatabaco's relief," the request for a permanent injunction is granted. <u>Empresa</u>, 587 F. Supp. 2d at 629.

Finally, General Cigar argues that an injunction should not be granted because Cubatabaco has not shown a current primary association with the COHIBA mark, regardless of what was proven at trial in 2003, meaning that current injury has not been demonstrated. In order to demonstrate such an association, Defendants suggest, Plaintiffs must show that changes in law and fact since the entry of the prior judgment have not changed their entitlement to relief,[2] and that the consuming public in New York currently "primarily associate[s]" the COHIBA mark with Cubatabaco. Def's Mem. at 6-7. However, Defendants' arguments would require at least one additional trial in nearly every misappropriation case given the typical time lapse from discovery through summary judgment, trial, judgment, and appeal. Defendants cite no cases which support this result.

---

[2] Defendants cite <u>Ditto v. McCurdy</u>, 510 F.3d 1070, 1077 (9th Cir. 2007), to support the proposition that this showing is necessary for an injunction, but the case does not refer to requirement for an injunction and instead stands for the proposition that current case law, rather than the law as it stood in 2003, should be applied when reviewing the merits of this claim.

Additionally Defendants suggest that primary association cannot be demonstrated because no findings of such association have been made since 1992.  Def. Mem. at 10.  This assertion ignores the fact that a trial was held in this case, in which findings of primary association through 2003 were presented, and an opinion issued in 2004 relied on those findings in holding in favor of the Plaintiffs.  See Empresa Cubana del Tabaco v. Culbro Corp., 70 U.S.P.Q.2d 1650 (S.D.N.Y. 2004).[3]  If the Defendants wish to file a motion for reconsideration of this decision, the time to do so has long passed.

The finding of primary association based on past evidence in the 2004 oppinion is not an anomalous.  The Second Circuit's opinion in ITC Ltd. v. Punchgini, Inc., 518 F.3d 159 (2d Cir. 2008), relied on by the Defendants, affirmed the district court's dismissal on summary judgment of an unfair competition claim brought by a foreign

---

[3] In fact, the argument turns the entire trial on its head, in which the "renown" issue was whether the Cuban COHIBA was already well-known by November 1992, before General Cigar because to use COHIBA, with Defendants conceding renown by 1992. Empresa Cubana del Tabaco, 70 U.S.P.Q.2d, 1650 1668-69.  Thus there was no reason to issue additional holdings as to later renown or "secondary meaning."  Nevertheless, the Court did make numerous fact findings of the Cuban COHIBA's continuing renown, primary consumer association, and extensive good will through the trial in 2003, including that General Cigar "has repeatedly acknowledged that the Cuban COHIBA was well known by U.S. cigar consumer prior to General Cigar's super-premium COHIBA launch in fall 1997," based in part on the admissions of General Cigar's own President and its on documents.  Id. at 1668-69.

trademark owner, based on evidence of "primary association" from four years earlier. Electrolux Corp. v. Val-Worth, Inc., 6 N.Y.2d 556 (1959), which the New York Court of Appeals cited favorably multiple times in its related ITC opinion, 9 N.Y.3d 467 (2007), issued an injunction against defendants based on misappropriation that occurred at least six years earlier. 6 N.Y.2d at 572. No new inquiry into "current" misappropriation of Plaintiff's goodwill was required there, and none is required here.

Plaintiffs' motion for a permanent injunction is granted.

### B.   Any Injunctive Relief Is Stayed Pending Filing of an Appeal

In the event the Court grants a permanent injunction, General Cigar has requested that the entry of any such injunction be stayed unless and until all appeals from the final judgment are exhausted.[4]

Fed. R. Civ. P. 62(c) governs stays of injunctions pending appeals. That provision provides:

---

[4] If its request is granted, General Cigar has agreed to move for an expedited appeal in the Court of Appeals for the Second Circuit.

8

> While an appeal is pending from an interlocutory
> order or final judgment that grants . . . an
> injunction, the court may suspend . . . an
> injunction during the pendency of the appeal upon
> such terms as to bond or otherwise as it
> concludes proper for the security of the rights
> of the adverse party.

Rule 62(a) also permits a stay pursuant to a court order "after ... entry [of final judgment] and until an appeal is taken."  Fed. R. Civ. P. 62(a).

According to Cubatabaco, General Cigar's motion for a stay is premature because no judgment has been entered.  However, in light of the imminent filing of the entry of final judgment and the representations of Defendants of their intent to appeal, General Cigar's request for a stay pending appeal will be considered.  See Empresa Cubana del Tabaco v. Culbro Corp., No. 07 Civ. 8399 (RWS), 2004 WL 925615, at *1 (S.D.N.Y. Apr. 30, 2004).

The Court of Appeals considers four factors before staying a lower court's actions: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a 'substantial possibility, although less

9

than a likelihood, of success,' on appeal, and (4) the
public interests that may be affected."  Hirschfeld v.
Bd. of Elections, 984 F.2d 35, 39 (2d Cir. 1993)
(citation omitted).

     As described above, this dispute has been on-
going for over ten years.  An injunction nearly identical
to the proposed Order, Judgment and Permanent Injunction
was entered in 2004 and stayed by the Court of Appeals
shortly after it was entered.  Subsequently, the Court of
Appeals held that General Cigar's use of the COHIBA mark
was not infringing under federal trademark law.  Although
Cubatabaco is entitled to the relief it seeks, given the
protracted nature of this litigation and Cubatabaco's
commitment to seek an expedited appeal, the Court does not
find that a stay will result in irreparable injury.

     Further, General Cigar has demonstrated a
"substantial possibility" of success on appeal.  According
to Plaintiff, since the Court's November 18 Opinion,
several courts have concluded that bad faith remains a
required element of New York unfair competition law.  See
Defendants' Mem. in Opp. at 2 n.4.  Further, this Court's
interpretation of the Cuban Asset Control Regulations with

10

respect to New York misappropriation law appears to be a matter of first impression.  As such, the factors favor a stay of injunctive relief pending appeal.

In light of the foregoing facts and conclusions, Plaintiff's motion for a permanent injunction is granted, but all relief will be stayed pending appeal.

It is so ordered.

New York, NY
December 10 , 2009

_____
ROBERT W. SWEET
U.S.D.J.