a 97cv8399(RWS)

08-5878-cv
Empresa Cubana Del Tabaco v. General Cigar et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of July, two thousand ten.

PRESENT:   REENA RAGGI,
           GERARD E. LYNCH,
           DENNY CHIN,
                    *Circuit Judges*,

----------------------------------------------------------------------

EMPRESA CUBANA DEL TABACO, doing business as CUBATABACO,
          *Plaintiff-Counter-Defendant-Appellee*,

          v.                                              No. 08-5878-cv

GENERAL CIGAR CO. INC., GENERAL CIGAR HOLDINGS, INC., CULBRO CORPORATION,
          *Defendants-Counterclaimants-Appellants*.

----------------------------------------------------------------------

APPEARING FOR APPELLANTS:     ANDREW L. DEUTSCH (Joshua S. Sohn, Airina L. Rodrigues, DLA Piper LLP (US), New York, New York; Harry C. Marcus, Scott Greenberg, Locke Lord Bissell & Liddell, New York, New York, *on the brief*), DLA Piper LLP (US), New York, New York.

APPEARING FOR APPELLEE:       MICHAEL KRINSKY (David B. Goldstein, Christopher J. Klatell, *on the brief*), Rabinowitz Boudin Standard Krinksy & Lieberman, P.C., New York, New York.

CERTIFIED COPY ISSUED ON 07/14/2010

Appeal from the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the orders and judgments entered on November 19, 2008, November 25, 2008, December 14, 2009, and January 15, 2010, are REVERSED.

Defendants General Cigar Co. Inc., General Cigar Holdings, Inc., and Culbro Corp. (collectively, "General Cigar") appeal from the grant of plaintiff Empresa Cubana Del Tabaco's ("Cubatabaco") Rule 60(b) motion for relief from a 2004 judgment dismissing Cubatabaco's claim of unfair competition under New York law in connection with General Cigar's use of the famous COHIBA cigar mark. General Cigar further appeals from a judgment subsequently entered in favor of Cubatabaco permanently enjoining General Cigar's use of the mark and providing other relief. We review a district court's ruling on a motion filed pursuant to Fed. R. Civ. P. 60(b)(6) for abuse of discretion. See Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.), 346 F.3d 31, 34 (2d Cir. 2003). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." Sims v. Blot, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and brackets omitted). In applying these standards we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to reverse.

1.    Rule 60(b) Standards

Rule 60(b) provides for relief from judgment on any of several grounds specified in

2

five numbered subparts, see Fed. R. Civ. P. 60(b)(1)-(5), and under a sixth, catch-all provision allowing for relief for "any other reason," Fed. R. Civ. P. 60(b)(6). We have described the catch-all provision of Rule 60(b)(6), relied upon by Cubatabaco and the district court, as "a grand reservoir of equitable power to do justice in a particular case." United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977) (quoting 7 Moore's Federal Practice ¶ 60.27[2] at 375 (2d ed. rev. 1975)). We have cautioned, however, that Rule 60(b) motions are disfavored, see Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004), and that Rule 60(b)(6) is properly invoked only when "extraordinary circumstances" justify relief or "when the judgment may work an extreme and undue hardship," Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986); see also United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009). We conclude as a matter of law that the district court exceeded its discretion in holding that such circumstances are present here.

2.      The Intervening New York Court of Appeals Decision

The district court granted Cubatabaco's motion for relief from judgment on the ground that ITC Ltd. v. Punchgini, Inc., 9 N.Y.3d 467, 850 N.Y.S.2d 366 (2007) ("ITC"), a New York Court of Appeals decision issued almost three years after this court affirmed the dismissal of Cubatabaco's state law claims, see Empresa Cubana Del Tabaco v. Culbro Corp., 399 F.3d 462, 469 (2d Cir. 2005), interpreted New York's common law of unfair competition in a manner "patently inconsistent" with the challenged judgment. Empresa Cubana Del Tabaco v. Culbro Corp., 587 F. Supp. 2d 622, 628 (S.D.N.Y. 2008) (internal quotation marks omitted). The Court of Appeals's ITC decision responded to certified questions from this court concerning, inter alia, whether, under New York law, the owner of

3

a famous foreign mark may assert rights therein sufficient to pursue a claim for unfair competition. See ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 166-67 (2d Cir. 2007). The Court of Appeals answered that, while New York does not recognize the famous marks doctrine, a foreign plaintiff may prevail on a claim of unfair competition by misappropriation by showing that (1) the defendant deliberately copied plaintiff's mark for use in New York, and (2) consumers of the defendant's product primarily associate the mark with plaintiff's product. See ITC Ltd. v. Punchgini, Inc., 9 N.Y.3d at 480, 850 N.Y.S.2d at 374.

The district court concluded that because the Court of Appeals did not mention "any separate and distinct requirement of 'bad faith,'" its 2004 dismissal of Cubatabaco's unfair competition claim based on Cubatabaco's failure to demonstrate General Cigar's bad faith in using the Cohiba mark was inconsistent with New York law. Empresa Cubana Del Tabaco v. Culbro Corp., 587 F. Supp. 2d at 628. Thus, the district court held that the Court of Appeals's "intervening decision of law" constituted an extraordinary circumstance warranting relief from judgment in the interest of justice pursuant to Rule 60(b)(6). Id. at 628-30.

3.    *ITC* Does Not Warrant Rule 60(b)(6) Relief in This Case

For the following reasons, we conclude that the ITC decision does not warrant Rule 60(b)(6) relief. First, "as a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." Pichardo v. Ashcroft, 374 F.3d at 56; see also Agostini v. Felton, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances

4

required for relief under Rule 60(b)(6) . . . .").

Second, ITC does not represent an intervening development or change in New York's law of unfair competition. As the district court observed, the Court of Appeals "was explicit that its opinion merely reaffirm[ed] existing state law, making no changes to either the well-known marks doctrine or unfair competition by misappropriation." Empresa Cubana Del Tabaco v. Culbro Corp., 587 F. Supp. 2d at 628. Nor did ITC purport to clarify the elements of an unfair competition claim or to correct erroneous interpretations of New York law by federal or lower state courts. Cf. DeWeerth v. Baldinger, 38 F.3d 1266, 1275 (2d Cir. 1994) (reversing Rule 60(b)(6) relief granted after Court of Appeals expressly corrected this court's previous interpretation of unsettled state law).

The district court's conclusion that ITC was "'beyond any question inconsistent'" with its own dismissal of Cubatabaco's unfair competition claim makes too much of ITC's silence on the question of bad faith. Empresa Cubana Del Tabaco v. Culbro Corp., 587 F. Supp. 2d at 627 (quoting Sargent v. Columbia Forest Prods., Inc., 75 F.3d 86, 90 (2d Cir. 1996)). The certified questions did not ask the Court of Appeals to address the existence or scope of any bad faith requirement for, or good faith defense to, an unfair competition claim. Nor did the issue arise in the underlying case, in which the district court dismissed an Indian corporation's unfair competition claim for failure to establish that domestic consumers associated the "Bukhara" restaurant mark with the plaintiff. See ITC Ltd. v. Punchgini, Inc., 373 F. Supp. 2d 275, 289-91 (S.D.N.Y. 2005). Consequently, ITC's silence on the subject cannot be construed to modify or eliminate the settled proposition, repeated in cases both

before and after <u>ITC</u>, that "some element of bad faith" is "central" to the notion of unfair competition by misappropriation under New York law. <u>Saratoga Vichy Spring Co., Inc. v. Lehman</u>, 625 F.2d 1037, 1044 (2d Cir. 1980); <u>see also, e.g.</u>, <u>Camelot Assocs. Corp. v. Camelot Design & Dev. LLC</u>, 298 A.D.2d 799, 800, 750 N.Y.S.2d 155, 156 (3d Dep't 2002) (stating that "a cause of action in unfair competition requires the plaintiff to prove some element of bad faith" (internal quotation marks omitted)); <u>ESPN, Inc. v. Quiksilver, Inc.</u>, 586 F. Supp. 2d 219, 230 (S.D.N.Y. 2008) (stating that "some element of bad faith" is central to misappropriation) (internal quotation marks omitted); <u>Out of Box Promotions, LLC v. Koschitzki</u>, 55 A.D.3d 575, 578, 866 N.Y.S.2d 677, 681 (2d Dep't 2008) (holding that "alleged bad faith misappropriation of a commercial advantage belonging to another" stated claim for unfair competition (internal quotation marks omitted)).

In sum, <u>ITC</u> did not constitute an intervening development of law, much less evidence extraordinary circumstances, sufficient to warrant reopening the 2004 judgment pursuant to Rule 60(b)(6).

4.    <u>Conclusion</u>

We have considered Cubatabaco's other arguments on appeal and conclude that they are without merit. Accordingly, the judgments of the district court are REVERSED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit